# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ARTURO TERRELL, :
    Petitioner, :
        : No. 1:19-cv-411
v. :
        : (Judge Rambo)
WARDEN DOUGLAS K. WHITE, :
    Respondent :

## **MEMORANDUM**

On March 8, 2019, *pro se* Petitioner Arturo Terrell ("Petitioner"), who is presently confined at the United States Medical Center for Federal Prisoners in Springfield, Missouri ("MCFP Springfield"), initiated the above-captioned case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 while incarcerated at FCI Allenwood in White Deer, Pennsylvania. (Doc. No. 1.) Petitioner asserts that the Bureau of Prisons ("BOP") wrongly precluded him from eligibility for earlier release upon conclusion of the Residential Drug Treatment Program ("RDAP") and that BOP officials denied him due process by refusing to correct the records used to preclude him from early release because, Petitioner argues, those records incorrectly state that he possessed a firearm in connection with his offense of conviction. (*Id.*) After Petitioner paid the requisite filing fee, the Court directed Respondent to show cause why Petitioner should not receive the relief requested. (Doc. No. 6.)

Before Respondent filed his response, Petitioner filed a motion to transfer the above-captioned case to the United States District Court for the Northern District of Illinois, Petitioner's sentencing court. (Doc. No. 8.) In an Order dated May 13, 2019, the Court denied Petitioner's motion, noting that a challenge to denial of RDAP participation is properly brought under § 2241 and that to the extent Petitioner sought correction of his Presentence Investigation Report ("PSR"), he had to present such a claim to the sentencing court.[1] (Doc. No. 9.) The Court noted that "[t]his matter will proceed exclusively on the denial of RDAP eligibility claim presented in the Petition." (*Id.*)

Respondent filed his response to the § 2241 petition on May 16, 2019. (Doc. No. 10.) On June 4, 2019, Petitioner filed a traverse (Doc. No. 11) as well as a motion for reconsideration of the Court's May 13, 2019 Order denying his motion to transfer (Doc. No. 12). The motion and § 2241 petition are ripe for disposition.

---

[1] The Court noted that if it were to grant Petitioner's request to transfer, "the district of conviction could not entertain the petition pursuant to § 2241 because [Petitioner] may not be able to demonstrate why a petition pursuant to 28 U.S.C. § 2255 is inadequate or ineffective to attack the validity of his sentence (PSR) since he could have raised this claim either on direct appeal or in a previous § 2255 motion (if he filed one)." (Doc. No. 9 at 3.) Moreover, if Petitioner had previously filed a § 2255 motion, the sentencing court could not consider a second or successive one without prior approval by the United States Court of Appeals for the Seventh Circuit. (*Id.*) Finally, the Court noted that "[a]nother potential pitfall is that his § 2255 petition could be dismissed by the sentencing court as untimely filed." (*Id.*) The Court indicated that its denial of Petitioner's motion did not preclude him from filing a motion to modify his PSR with the sentencing court. (*Id.* at 4.)

## I. BACKGROUND

Congress has directed the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). To complete the RDAP, an inmate must satisfy both a unit-based component and a transitional drug abuse treatment ("TDAT") component. 28 C.F.R. § 550.53(a). The unit-based component must last at least six (6) months and requires the inmate to "complete a course of activities provided by drug abuse treatment specialists and the Drug Abuse Program Coordinator in a treatment unit set apart from the general prison population." *Id.* § 550.53(a)(1). The TDAT component is a "six (6) month program that begins within 10 days of the inmate's arrival at [a halfway house] and continues until the inmate is released." *Scott v. FCI Fairton*, 407 F. App'x 612, 615 (3d Cir. 2011). After an inmate completes RDAP, the BOP has the discretion to reduce what remains of his sentence by up to one (1) year. 18 U.S.C. § 3621(e)(2); 28 C.F.R. § 550.55. Not all inmates who complete RDAP, however, are eligible for early release. *Id.*

Petitioner is serving a 135-month sentence imposed by the United States District Court for the Northern District of Illinois for manufacture of 280 grams or more of cocaine base. (Doc. No. 10-2 at 6.) According to the BOP inmate locator, Petitioner is currently scheduled to be released on August 28, 2021. In September

of 2018, BOP staff conducted an offense review to determine if Petitioner qualified for early release pursuant to § 3621(e). (*Id.* at 9-10.) Staff concluded that Petitioner was precluded from early release because his offense of conviction involved the carrying, possession, or use of a firearm and presented a serious potential risk of physical force against another person or property. (*Id.* at 9.) Reviewing staff noted that the sentencing court had "adopted the [Specific Offense Characteristic ("SOC")] for weapons" as set forth in Petitioner's PSR. (*Id.*) On October 2, 2018, Petitioner began participating in the RDAP program. (*Id.* at 12.)

## II. DISCUSSION

### A. Motion for Reconsideration

Petitioner has filed a motion for reconsideration of the Court's May 13, 2019 Order denying his motion to transfer. (Doc. No. 12.) Petitioner states that the Northern District of Illinois, the sentencing court, "can better address the matters at hand." (*Id.* at 1.) According to Petitioner, "[s]ince the sentencing court can properly advise[] the BOP that Petitioner was not enhanced for a 2 level firearm(s) use in his offense, the matter is better suited before the sentencing Court." (*Id.*) Petitioner requests that this matter be transferred so that the sentencing court "can review the 2241 and make a factual determination that Petitioner was not sentenced on the basis

4

of a 2 level enhancement for a firearm and issue the writ reflecting accordingly." (*Id.* at 2.)

A motion for reconsideration is a device of limited utility, which may "not be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citations omitted); *see also Baker v. Astrue*, Civ. No. 07-4560, 2008 WL 4922015, at *1 (E.D. Pa. Nov. 17, 2008). Rather, a court may alter or amend its judgment only upon a showing from the movant of one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate when a court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996). "It may

not be used as a means to reargue unsuccessful theories or argue new facts or issues that were not presented to the court in the context of the matter previously decided." *Gray v. Wakefield*, No. 3:09-cv-979, 2014 WL 2526619, at *2 (M.D. Pa. June 4, 2014); *see also Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'"). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Here, Petitioner's motion fails to meet the narrowly-defined factors governing motions for reconsideration, as it does not identify an intervening change in controlling law, provide any evidence that was not previously available to this Court, or show the need to correct a clear error of law or fact or prevent manifest injustice. As the Court previously informed Petitioner, "[a] petition brought under 28 U.S.C. § 2241 must be filed in the district in which the petitioner is imprisoned." *United States v. Figueroa*, 349 F. App'x 727, 730 (3d Cir. 2009). Thus, because Petitioner was incarcerated within this district when he filed his § 2241 petition, this Court has

jurisdiction to entertain his petition. *See Alsop v. Lane*, No. 3:17-cv-1737, 2018 WL 792052, at *1 (M.D. Pa. Feb. 8, 2018). Accordingly, the Court will deny Petitioner's motion for reconsideration and consider his § 2241 petition below.

### B. § 2241 Petition

In his traverse, Petitioner clarifies that he "is not challenging the decision of the BOP to deny him early release, he is challenging the factual basis that the BOP relied upon which undermined the integrity of the determination because of the institution['s] negligence and failure to follow [its] own procedural rules." (Doc. No. 11 at 1.) Petitioner suggests that he was denied due process when BOP officials failed to obtain accurate information concerning whether he was ever subjected to the two (2)-point SOC for firearms and used inaccurate information to preclude him from early release upon completing the RDAP. (*Id.* at 4-5; Doc. No. 1 at 15.) Indeed, Petitioner could not maintain a challenge to the denial of early release, because such a challenge is not cognizable under § 2241. *See Suarez-Sanchez v. Lane*, No. 4:18-cv-1431, 2019 WL 1645231, at *5 (M.D. Pa. Mar. 5, 2019), *Report and Recommendation adopted*, 2019 WL 1620339 (M.D. Pa. Apr. 16, 2019). The Court, therefore, will consider Petitioner's due process argument.

A liberal construction of Petitioner's § 2241 petition suggests that he is asserting that he has a due process right to have incorrect information regarding the

7

SOC expunged from his prison file so that his eligibility for early release can be properly determined. The United States Court of Appeals for the Fourth Circuit has suggested that "in certain limited circumstances a claim of constitutional magnitude is raised where a prisoner alleges (1) that information is in his file, (2) that the information is false, and (3) that it is relied on to a constitutionally significant degree." *Paine v. Baker*, 595 F.2d 197, 201 (4th Cir. 1979). The United States Court of Appeals for the Third Circuit, however, has not endorsed the right expressed in *Paine*, and "other Circuit Courts of Appeals have expressly questioned its precedential value." *Williams v. Fed. Bureau of Prisons*, 85 F. App'x 299, 303 (3d Cir. 2004) (citing *Johnson v. Rodriguez,* 110 F.3d 299, 309-09 n.13 (5th Cir. 1997)).

Even presuming that Petitioner would be entitled to expungement of allegedly incorrect information and that such claim is cognizable in a § 2241 petition, Petitioner has failed to demonstrate that the allegedly false information was relied upon to a constitutionally significant degree. Relief under § 2241 is available only if an inmate demonstrates that "the deprivation of rights is such that is necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Here, Petitioner cannot demonstrate that his due process rights were violated because "the failure to reduce an inmate's sentence [is] not a deprivation of a protected liberty interest." *Catching v. Warden, FCI Allenwood*, No. 3:15-cv-

8

1455, 2015 WL 6460078, at *2 (M.D. Pa. Oct. 24, 2015); *see also Beckley v. Miner*, 125 F. App'x 385, 388 (3d Cir. 2005) (noting that RDAP, "even if completed to perfection, still affords the Bureau complete discretion to require Petitioner to serve his full sentence"); *McEwen v. Warden, FCI McKean*, No. 18-232, 2019 WL 2269939, at *3 (W.D. Pa. May 28, 2019). Likewise, Petitioner had not directed the Court to anything that could be described as "conscious shocking" that would permit him to maintain a substantive due process claim. *See McEwen*, 2019 WL 2269939, at *3 (citations omitted). Accordingly, his § 2241 petition will be denied.

## III. CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) as well as his motion for reconsideration (Doc. No. 12). An appropriate Order follows.

<u>s/Sylvia H. Rambo</u>
SYLVIA H. RAMBO
United States District Judge

Dated: February 11, 2020